GLENN STROUD MOORE V. STATE.

No. 24414. June 15, 1949.

*Z. E. Coombes,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Wayne O. Woodruff,* Assistant District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted upon an allegation that he did wilfully break, injure and tamper with the glove compartment of a motor vehicle, and was assessed a penalty of 365 days in jail.

The evidence shows that T. I. Coleman and wife had parked their car in an unattended parking lot, in the city of Dallas, while they went to a show. Shortly before midnight they returned to the car and, as they approached it, they saw appellant sitting in the front seat moving about. They observed him for some time. Finally the owner, armed with a piece of two-by-four scantlin, approached appellant, while his wife, stationed some distance away, secured help from two men who were passing. Officers soon arrived and appellant was arrested and taken out of the car. He claimed that he had crawled into the car and was asleep. The state's evidence was, however, that he had broken into the car by crashing the glass and unlocking the door from the inside, after an unsuccessful effort to break the lock on the outside. The owner of the car and his wife testified that he was moving about in the car and not asleep. The fantastic story of appellant was not believed by the jury. Any question about it was settled by their verdict.

Contention is made that the conflict between the testimony of the owner of the car and that of the policeman was such as to nullify any evidence that he cut a hole in the botton of the glove compartment. We do not so view the evidence.

Another complaint is that there is a conflict between the allegation and the proof. This question will not require discussion.

We find in the record but one bill of exception. This is in question and answer form without any certificate from the judge which would permit its consideration under the law.

We find no reversible error and the judgment of the trial court is affirmed.